```
               UNITED   STATES   DISTRICT   COURT
                    EASTERN DISTRICT OF LOUISIANA


LIFE INSURANCE COMPANY                          CIVIL ACTION
OF NORTH AMERICA, d/b/a/
CIGNA GROUP INSURANCE

versus                                          NO.  08-1732

DAVID A. COMBE                                  SECTION:  E/3
```

### RULING ON MOTIONS FOR SUMMARY JUDGMENT

Two motions are before the Court: Defendant David Combe's (Combe) Motion to Dismiss[1], r.d. #7; and Plaintiff's (CIGNA) Motion for Summary Judgment, r.d. #15. After consideration of the motions, records, pleadings, evidence, and the law, the Court is prepared to rule.

### BACKGROUND

The captioned "Complaint for Declaratory Relief" arises from a prior ERISA lawsuit, <u>Combe v. Life Insurance Company of North America, d/b/a CIGNA Group Insurance</u>, C.A. 06-8909. An Amended Judgment was entered in that case on August 31, 2007, in favor of Combe and against CIGNA.[2] CIGNA disputes Combe's contention that, under the terms of the Amended Judgment, Combe is entitled to

---

[1] The Court construes Combe's Rule 12(b)(6) motion to dismiss as a motion for summary judgment. Pursuant to F.R.C.P. 12(d), if matters outside of the pleadings are presented to and not excluded by the court, and the parties are given a reasonable time to present pertinent material, a Rule 12(b)(6) motion must be treated as one for summary judgment under Rule 56. In this case, the Court must consider documents filed into the record of C.A. 06-8909, and the parties were previously put on notice that the Court would treat Combe's motion as a motion for summary judgment. See r.d. #17.

[2] C.A. 06-8909 at r.d. #35.

interest on monthly payments which are not paid by CIGNA to Combe on or before the first of each month in which the payment is due, because a specific due date is not provided for under the terms of the Plan[3].

CIGNA argues that declaratory relief is appropriate in this matter to redress the "misapplication" of the judgment entered in the prior suit because it has suffered actual and concrete economic harm by the application of interest to benefit payments that it claims have not become due to Combe. CIGNA's Complaint requests judgment in its favor as follows:

(A) a declaration that monthly disability benefits are not due to Combe on or before the first of each calendar month for the benefits due that same month;

(B) a declaration that Combe is not entitled to any interest on the principal benefit amount if disability benefits are received after the first of the month; and

(C) a declaration that monthly disability benefits received by Combe in the month in which disability benefits are due are considered timely according to the Plan and the Amended Judgment.

In its discretion, and in the interests of fully and finally resolving this dispute, the Court assumes that this action for declaratory relief is properly before the Court.

---

[3] Tulane Long Term Disability Plan, which was fully insured by CIGNA under Group Insurance Policy No. LK-030566 issued to Tulane University.

**ANALYSIS**

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 3d 265 (1986).  An issue is material if its resolution could affect the outcome of the action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).  However, once a moving party properly supports a motion for summary judgment, the nonmoving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 311-12 (5th Cir. 1999), quoting Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047-48 (5th Cir. 1996).  The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or "conclusory allegations." Id.

The following facts are undisputed.
1) The Tulane Long Term Disability Plan, Claim Provisions, Time of Payment, provides, in its entirety, as follows:

> Disability Benefits will be paid at regular intervals of not less frequently than once a month.  Any balance, unpaid at the end of any period for which the Insurance Company is liable, will be paid at that time.[4]

2) In C.A. 06-cv-8909, the Court's Ruling on Motions for Summary Judgment concluded as follows (emphasis added):

> *Under the terms of the Plan*, Combe is entitled to monthly benefits in the amount of $6,389.21 per month from January 1, 2006 through September 30, 2010, plus contributions on his behalf to the Tulane University Pension Plan in the amount of $766.71 per month during the same period, plus legal interest from the date each installment became due until paid.[5]

3) In C.A. 06-cv-8909, on June 21, 2007, the Court entered judgment as follows:

> **IT IS ORDERED, ADJUDGED AND DECREED THAT JUDGMENT BE AND IS HEREBY ENTERED** in favor of the plaintiff DAVID A. COMBE, and against defendant LIFE INSURANCE COMPANY OF NORTH AMERICA, d/b/a/ CIGNA GROUP INSURANCE, as follows:
> (1) Payment of monthly benefits in the amount of $6,389.21 per month from January 1, 2006 through September 30, 2010;
> (2) Payment of contributions on Combe's behalf to the Tulane University Pension Plan in the amount of $766.71 per month during the same period, plus legal interest from the date each installment became due until paid; and
> (3) Reasonable attorney's fees, the amount to be determined at a later date, and costs incurred pursuing this litigation.[6]

4) In C.A. 06-8909, CIGNA filed an appeal of the Judgment dated June 21, 2007, but dismissed the appeal upon receipt of the

---

[4] Id., Ex. "C", copy of excerpt from the Plan document, p. 19.

[5] C.A. 06-cv-8909, r.d. #19, pp. 40-41.

[6] Judgment, C.A. 06-cv-8909, r.d. #20.

Court's ruling on its Motion for a New Trial, or Alternatively, to Alter or Amend Judgment, Pursuant to Fed. R. Civ. P. 59,[7] in which the Court concluded as follows (footnote omitted, emphasis added):

> ... Combe's lawsuit prayed for his disability benefits due and owing "now and in the future."[] Complaint, p. 11 (Prayer). Although this court did not enter a declaratory judgment, it did conclude that Combe was disabled and entitled to full monthly benefits *under the terms of the Plan*. However, CIGNA is entitled to periodically review his claim in the future to determine his continued disability under the Plan. It must do so, however, in light of this court's holding that both its initial determination and its review on appeal of Combe's claim was arbitrary and capricious....

5) An Amended Judgment was entered in C.A. 06-cv-8909 on August 31, 2007, as follows:

> **IT IS ORDERED, ADJUDGED AND DECREED THAT JUDGMENT BE AND IS HEREBY ENTERED** in favor of the plaintiff DAVID A. COMBE, and against defendant LIFE INSURANCE COMPANY OF NORTH AMERICA, d/b/a/ CIGNA GROUP INSURANCE, as follows:
> (1) Payment of monthly benefits in the amount of $6,389.21 per month from January 1, 2006 through the date of judgment, August 31, 2007, a total of $127,784.20, and further payments for as long as he qualifies as totally disabled under the Plan;
> (2) Payment of contributions on Combe's behalf to the Tulane University Pension Plan in the amount of $766.71 per month during the same period, a total of $15,334.20, and further payments for as long as he qualifies as totally disabled under the Plan;
> (3) Payment of legal interest from the date each of the two installments became due until paid; and
> (4) Reasonable attorney's fees, the amount to be determined at a later date, and costs incurred pursuing this litigation.

---

[7] C.A. 06-cv-8909, Motion at r.d. #22.

6) On November 6, 2007, CIGNA's counsel emailed Combe's counsel explaining that "CIGNA normally pays monthly in arrears" and that the benefits checks may not be paid until the month following the month in which they are due. On November 7, 2007, by email to CIGNA's counsel, Combe's counsel objected to such belated payments, and asserted that "CIGNA is not free to unilaterally change the terms of the outstanding judgment..."[8]

7) On February 12, 2008, in C.A. 06-cv-8909, the Court granted Combe's "Ex Parte Motion for Payment by Garnishee", filed on February 8, 2008.[9]  The motion requested payment to Combe by the Administrators of the Tulane Educational Fund of $6,750.00 in funds held by the Administrators for the "judgment debtor", CIGNA.  The funds requested were to pay the principal amount of $6,389.21 due to Combe by CIGNA for the month of February, plus $201.52 interest claimed for allegedly late payments made to Combe by CIGNA from October 31, 2007, through February 15, 2008, plus $398.85 paid to the Marshal for service of garnishment proceedings.  According to the motion, the principal amount due to Combe on September 1, 2007 (for payments due from January 1, 2006 through August 31, 2007) plus the monthly installments for September and October 2007, were paid by CIGNA on November 11,

---

[8] See Combe's Opposition to CIGNA's Motion for Summary Judgment, Ex. "A" to Mary Healy's Affidavit attached thereto.

[9] See C.A. 06-cv-8909, Motion at r.d. #56, Order at r.d. #58.

-6-

2007; the November installment was paid on December 11, 2007; the December installment was paid on December 27, 2007; and the January installment was paid on January 29, 2008.[10] CIGNA did not file any objections or motions pertaining to the Court's grant of Combe's "Ex Parte Motion for Payment by Garnishee", nor did it dispute the payment history provided in Exhibit "B" to the motion.[11]

## DISCUSSION

Combe argues in his memorandum in support of his motion to dismiss that CIGNA's declaratory action (1) is barred by the principles of *res judicata*; (2) merely seeks reformation of the final Amended Judgment in the prior action; (3) is actually a misplaced action for F.R.C.P. 60(b) relief; and (4) that CIGNA has waived any objection it might have to the calculation of interest on benefit payments by its actions and lack of objections for eight months, and (5) finally, that the language of the Amended Judgment provides that payment is due on the first of each month, and that he is entitled to interest on late

---

[10] Id., Exhibit B

[11] In his Opposition to CIGNA's Motion for Summary Judgment, Combe observes that CIGNA persists in specifying that its payments of monthly disability benefits to Combe began as of "11/30/05" in spite of the Judgment date that the payments were to begin January 1, 2006. See Ex. B to Mary Healy's Affidavit attached to the Opposition. The Opposition also notes that CIGNA has informed Combe's counsel that, although it made no mention of the discrepancy at any time during the litigation of C.A. 06-8909, the Judgment amount of 766.71 due monthly to the Tulane University Pension Plan on Combe's behalf is incorrect; that it should be $1,150.00 per month. See id., Affidavit of Mary Healy.

payments.  The Court focuses its attention on Combe's fourth and fifth arguments which address the merits of CIGNA's claim for relief, passing on the first three arguments which challenge CIGNA's right to even petition the Court for the relief requested, assuming for the purposes of these motions (construed as cross motions for summary judgment), that CIGNA's complaint was appropriately filed.

CIGNA asserts that Combe's interpretation of the Amended Judgment as providing that each monthly installment is due on the first of the month, and that he is entitled to interest for installments paid after the first of the month, is a misapplication of the terms of the Amended Judgment.  It argues that neither the original Judgment nor the Amended Judgment provide that benefit installments are due on the first of each month.  According to CIGNA, under the terms of the Plan it is entitled "from time to time" to review an employee's "status" and to "require satisfactory proof of earnings and continued Disability" for benefit payments to continue.[12]  The Court infers from this argument that CIGNA asserts the right to determine each month whether Combe's medical conditions have improved such that he is no longer considered disabled *before* it will pay his benefit due for that month.  The essence of the argument is

---

[12] CIGNA's Memorandum in Support of Motion for Summary Judgment, r.d. #15, p.3, citing to "Work Incentive Benefit Calculation" and "Description of Benefits" sections of the Plan.

CIGNA's assertion that, because the Court's Ruling on CIGNA's Motion for a New Trial, or Alternatively, to Alter or Amend Judgment, Pursuant to Fed. R. Civ. P. 59[13], concluded that Combe entitled to full monthly benefits *under the terms of the Plan*, the terms of Court's Amended Judgment are subordinate to the terms of the Plan.

All of the Court's prior decisions in C.A. 06-cv-8909 -- Ruling on Motions for Summary Judgment, the original Judgment, and the Amended Judgment -- specifically provide that Combe is due monthly disability benefits "from January 1, 2006", and is entitled to legal interest from the date each installment is due until paid.  From this language, and the Court's subsequent uncontested grant of Combe's "Ex Parte Motion for Payment by Garnishee" requiring payment of interest on benefit payments made later than the first of each month, it is evident that the Court intended that each monthly disability benefit payment is due on the first of the month, and that legal interest is due on payments made later than the first of each month.

First, under CIGNA's interpretation of the language of the Amended Judgment, the Court's award of interest on late payments is meaningless.  Second, the requirement that benefit payments are due on the first of each month does not conflict with the terms of the Plan, which requires only that benefits be "paid at

---

[13]C.A. 06-cv-8909, Motion at r.d. #22.

regular intervals of not less frequently than once a month."  The Court's judgment requires no more than payments at regular intervals once a month, but simply specifies that the regular interval is the first of each month.  The Plan, silent on interest payments of any kind, does not prohibit interest on past due benefit payments.  Moreover, CIGNA waited much too long to dispute the requirement that interest is due on late payments.

The Court rejects CIGNA's assertion that its Judgment is subject to whatever "adjustments" CIGNA chooses to apply in order to more conveniently accommodate its interpretation of the terms of its Plan, and its unpredictable administrative practices relating thereto.  CINGA is of course free under both the terms of the Plan and the Court's Judgment to require Combe to show satisfactory "proof of earnings and continued disability" each month.  If, during in any month CIGNA finds that Combe is no longer disabled under the terms of the Plan, it is entitled to discontinue his disability payment for the following month.  It may not, however, delay disability payments until the last few days of each month in order to determine whether he is disabled under the terms of the Plan during that month.  As the Court finds no dispute as to any material facts, Combe is entitled to judgment as a matter of law.

Finally, Combe argues that he is entitled to a further award of attorney's fees and costs incurred in defending against this

...

lawsuit and the motion for summary judgment.  The Court agrees, given the history of this litigations and CIGNA's casual attitude toward its obligation to satisfy the previous judgment against it, that CIGNA's filing of this lawsuit was unnecessary and borders on harassment.  Exercising its discretion to do so, the Court awards to Combe his attorney's fees and costs incurred in defending against this lawsuit and the motion for summary judgment.

Accordingly,

**IT IS ORDERED** that CIGNA's Motion for Summary Judgment on its Complaint for Declaratory Judgment, r.d. #15, is **DENIED;**

**IT IS FURTHER ORDERED** that Combe's Motion to Dismiss, construed by the Court as a Motion for Summary Judgment, r.d. #7, is **GRANTED.**

**IT IS FURTHER ORDERED** that Combe is awarded his attorney's fees and costs incurred in defending against this lawsuit and the motion for summary judgment.

New Orleans, Louisiana, July 16, 2008.

_____
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge